IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40697
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALTON DEAN GREER,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:99-CR-36-1
- - - - - - - - - -
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

Valton Dean Greer appeals his sentences, following his convictions after a jury trial for conspiracy to possess 50 grams or more of cocaine base with intent to distribute (Count 1) and possession of 50 grams or more of cocaine base with intent to distribute (Count 2), in violation of 21 U.S.C. §§ 846 and 841(a)(1).

Greer contends that the district court clearly erred in determining the amount of cocaine base attributable to him.  The

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court did not clearly err in finding that Greer was responsible for at least 1.5 kilograms of cocaine base, as the testimony of several unindicted coconspirators supported a determination that Greer was selling relatively large quantities of cocaine base for a period of several years. See United States v. Torres, 114 F.3d 520, 527 (5th Cir. 1997); U.S.S.G. §§ 2D1.1(c)(1), 6A1.3. Greer asserts that the Government improperly withheld information from him that might have "reflect[ed] badly" upon the coconspirators and affected the calculation of drug quantity, but these assertions are far too conclusional to alter the analysis of this claim.

Greer argues that the district court clearly erred in refusing to reduce his offense level on the ground that he had accepted responsibility under § 3E1.1, because he went to trial only to preserve an entrapment defense. The acceptance-of-responsibility adjustment is not normally intended to apply to a defendant who "puts the government to its burden of proof at trial by denying the essential factual elements of guilt[.]" § 3E1.1, comment. (n.2). Although conviction by trial does not automatically preclude eligibility for the reduction, especially when the defendant proceeds to trial to assert and preserve issues that do not relate to factual guilt, see id., Greer's assertion of an entrapment defense amounted to a denial of factual guilt. See United States v. Brace, 145 F.3d 247, 265 (5th Cir. 1998) (en banc). The district court's denial of the § 3E1.1 reduction was not "without foundation." See id. at 264.

AFFIRMED.